```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**FLINT TIMOTHY BUSH,**

      **Plaintiff,**

**v.**                      **Civil Action No. 2:19-cv-00310**

**ANDREW SAUL,**
**Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending are the objections to the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Omar J. Aboulhosn, filed by the plaintiff, Flint Timothy Bush, on October 28, 2019,

### I. Procedural History

The plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act on February 4, 2016. The claim was denied on April 8, 2016. The plaintiff requested reconsideration of the initial denial, and the claim was again denied on May 26, 2016. The plaintiff then requested an administrative hearing on June 17, 2016, and such hearing was held before an Administrative Law Judge ("ALJ") on May 2, 2018. The ALJ denied the claim in a decision on May 23,

2018.  The plaintiff requested an Appeals Council review of the ALJ decision, but this request was denied on February 28, 2019.

On April 23, 2019, the plaintiff instituted this civil action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the administrative decision of defendant Andrew Saul ("the Commissioner") to deny the plaintiff's application for disability insurance benefits.  This action was referred to United States Magistrate Judge Omar J. Aboulhosn for consideration in accordance with 28 U.S.C. § 636(b)(1)(B) and the standing order in this district.  The plaintiff and the Commissioner filed cross motions for judgment on the pleadings.

Magistrate Judge Aboulhosn filed a PF&R on October 15, 2019, recommending that the court deny the plaintiff's judgment on the pleadings, grant the defendant's judgment on the pleadings, and affirm the defendant's administrative decision to deny the plaintiff's application for disability insurance benefits.  The plaintiff timely filed a written objection on October 28, 2109, to which the defendant filed a response on November 5, 2019.

## II. Standard of Review

The court reviews de novo those portions of a magistrate judge's PF&R to which objections are timely filed. 28 U.S.C. § 636(b)(1); see Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The standard for review of the Commissioner's decision is rather deferential to the Commissioner under the Social Security Act because "a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012); see also 42 U.S.C. § 405(g) (explaining judicial review of the Commissioner's final decisions); Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974) (stating that the court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and "supported by substantial evidence"). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted).

III. Analysis

In his memorandum in support of judgment on the pleadings, the plaintiff asserts that the ALJ's decision was not based on substantial evidence for two reasons.  First, the plaintiff argues that the ALJ failed to provide an adequate explanation for the determination of the plaintiff's residual functional capacity ("RFC") to perform medium work because the ALJ did not properly consider the plaintiff's chronic fatigue.[1]  ECF No. 10 ("Pl.'s Mem.") at 5-10.  Second, the plaintiff alleges that the ALJ gave less weight to the expert medical opinion of Dr. Jose Gonzalez-Mendez, who opined that the plaintiff would be limited to light work.  See id. at 10-12.  The plaintiff argues that the ALJ's evaluation and partial rejection of Dr. Gonzalez-Mendez's opinion is not supported by substantial evidence.[2]  Id.

---

[1] The RFC assessment is a determination of the most work that an individual can perform despite his/her limitations or restrictions.  See SSR 96-8p, 1996 WL 3744184, at *1.  The RFC determination is an issue for the Commissioner to resolve.  See 20 C.F.R. § 404.1527(d).

[2] Several medical experts provided medical opinions: Dr. Christian Nasr, Dr. Atiya Lateef, Dr. Fulvio Franyutti, and Dr. Jose Gonzalez-Mendez.  See ECF No. 15 ("PF&R") at 11.  Only Dr. Gonzalez-Mendez opined that the plaintiff would be limited to light work.  See id. at 11, 14-19.  The other medical experts opined that the plaintiff could perform at least medium work.  See id. at 11.

4

The magistrate judge reviewed the record and each of these arguments. For the first argument, the magistrate judge concluded that the ALJ provided a logical narrative for the conclusion that the plaintiff could perform medium work. ECF No. 15 ("PF&R") at 21-23. This was based, in part, on a review of the collective record, including the plaintiff's own statements about his fatigue and corroborating and conflicting evidence in the record.[3] Id. For the second argument, the magistrate judge concluded that the ALJ's evaluation of the expert medical opinion of Dr. Gonzalez-Mendez, who opined that the plaintiff was limited to light work, is supported by substantial evidence inasmuch as the ALJ found that Dr. Gonzalez-Mendez's medical opinion was not supported by medical treatment records, by the plaintiff's daily activities, or by the plaintiff's own statements about his ability to lift weight. Id. at 17-19. The magistrate judge noted that the ALJ provided an appropriate narrative for the evaluation of Dr. Gonzalez-

---

[3] The ALJ is responsible for making findings of fact and resolving conflicts in the evidence, but the court determines if the final decision is supported by substantial evidence and is based on the correct application of the law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) ("In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner].").

Mendez's medical opinion and the reason that opinion was only entitled to "some weight."  Id.

The plaintiff objects to the PF&R by arguing that the magistrate judge failed to apply Fourth Circuit case law, which resulted in the magistrate judge failing to recognize that the ALJ did not provide a logical explanation for the conclusion that the plaintiff could perform medium work despite his chronic fatigue.[4]  See ECF No. 16 ("Pl.'s Obj.") at 2-3.  The plaintiff specifically argues that the magistrate judge failed to apply the binding precedent of Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019), wherein "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion."  See id. at 1, 3.  The plaintiff asserts that the magistrate judge did not review "whether the ALJ even considered whether [the plaintiff's] ability to maintain attention, concentration, and persistence was affected by his episodes of fatigue and need for naps throughout the day."  Id. at 3.  The plaintiff maintains that his argument throughout the appeal process has been that the ALJ's determination is "legally deficient" because the ALJ failed to provide "a logical explanation for how the evidence cited informed and supported the ALJ's conclusion that

---

[4] The plaintiff does not object to the magistrate judge's determination in the PF&R regarding the weight afforded to the medical opinion of Dr. Gonzalez-Mendez.

[the plaintiff's] chronic fatigue from sarcoidosis would have no effect on his RFC."  See id.

In reviewing a denial of a claim for disability insurance benefits, an ALJ must provide an "accurate and logical bridge from the evidence to his conclusion."  Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).  For an RFC assessment, the ALJ must consider all the plaintiff's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the plaintiff's] ability to work."  Id. at 188.  However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."  Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

In Thomas v. Berryhill, the Fourth Circuit vacated an ALJ's denial of an application for supplemental security income because the court found that the ALJ did not sufficiently explain her conclusions regarding the appellant's mental impairments and did not identify or resolve an apparent conflict in testimonies.  916 F.3d at 311.  The court held that "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."  Id.  "[M]eaningful review is

frustrated when an ALJ goes straight from listing evidence to stating a conclusion." Id. (citing Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018)).

Upon review of the record, the court agrees with the magistrate judge and finds that the ALJ provided adequate logical explanation for why the substantial evidence in the record supports the conclusion that the plaintiff has the RFC to perform medium work. The ALJ properly reviewed evidence and resolved conflicts between apparently conflicting evidence to determine that the plaintiff's "allegations and alleged limitations are inconsistent with the objective evidence and other evidence in the record." Tr. at 42-43. "[T]he evidence of the [plaintiff's] daily activities along with the objective medical evidence . . . establishes that [the plaintiff] has greater sustained capacity than alleged." See Tr. at 46. In particular, the ALJ considered the plaintiff's report of fatigue but found that the plaintiff's daily activities and the medical examinations, which were normal, supported the RFC assessment, even in light of the alleged fatigue. See Tr. at 44. The ALJ's analysis of the evidence in the record creates a "logical bridge" from the evidence to the conclusion of the plaintiff's ability to perform medium work.

The plaintiff also asserts that the magistrate judge neither mentioned the Thomas ruling in the PF&R nor applied the holding of Thomas in reviewing the ALJ's determination, despite the fact that the plaintiff cited to this case in his memorandum in support of judgment on the pleadings and in his reply to the defendant's response.  See Pl.'s Obj. at 2.  This argument is without merit.  The absence of a citation to Thomas in the PF&R does not indicate that the magistrate judge failed to consider the law articulated in the case.  The magistrate judge properly addressed the three components of Thomas by reviewing the evidence in the record, considering the ALJ's conclusion, and finding a logical explanation for how the ALJ reached the conclusion based on the evidence.  The magistrate judge cited to and applied the same law from other Fourth Circuit cases to which Thomas itself cites.  See PF&R at 22-23 (citing Monroe, 826 F.3d; Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)).

IV. Conclusion

Accordingly, having received the PF&R and the plaintiff's objections, and having reviewed the record de novo, it is ORDERED that:

1. The plaintiff's objection to the PF&R be, and it hereby is, overruled;

2. The findings and recommendation made in the PF&R be, and they hereby are, adopted by the court and incorporated herein;

3. The plaintiff's request for judgment on the pleadings and remand be, and it hereby is, denied;

4. The Commissioner's request for judgment on the pleadings to affirm the decision below of the ALJ be, and it hereby is, granted;

5. The decision of the Commissioner be, and it hereby is, affirmed; and

6. The plaintiff's action be, and it hereby is, dismissed and removed from the docket of the court.

The Clerk is directed to forward copies of this memorandum opinion and order to the plaintiff, all counsel of record, and the United States Magistrate Judge.

ENTER: April 10, 2020

John T. Copenhaver, Jr.
Senior United States District Judge